UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER SHAWN WRIGHT, <br><br>　　　　　Plaintiff, <br><br>　v. <br><br>KING COUNTY MUNICIPAL CORP. et al., | CASE NO. 2:20-cv-01754-RSM-BAT <br><br> **REPORT AND RECOMMENDATION** |

Plaintiff, who is presently confined at the King County Regional Justice Center (RJC), filed a 42 U.S.C. § 1983 civil rights complaint against King County Municipal Corp., King County Sheriff Sue Rahr, and King County Detective Tripp. Dkt. 6. Plaintiff alleges he was "falsely arrested and charged with a crime in the King County area" on February 13, 2019, and "brought to the King County Jail against [his] will," where he is held on bail set a $500,000. *Id.* He alleges he was arrested for "no reason" and criminal charges "with no merit" were filed against him. *Id.* As relief, plaintiff seeks "20 million dollars" and his "job back," restoration of his reputation and payment for medical and wage losses. *Id.*

The Court screens complaints filed by plaintiffs who are prisoners. *See* 28 U.S.C. § 1915A (a). The Court must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks

REPORT AND RECOMMENDATION - 1

monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

Plaintiff contends he has been improperly arrested, detained, and charged with criminal offenses. A federal court may not intervene in pending state criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See *Younger v. Harris*, 401 U.S. 37, 45, 46 (1971). The *Younger* abstention doctrine requires a United States District Court to dismiss a federal action if state proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford the plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted). Each of the *Younger* criteria are satisfied here. Plaintiff's proceedings are ongoing, involve a criminal prosecution that implicates important state interests, and plaintiff can raise in his criminal case the same claims he raises here: that he was falsely arrested, the criminal charges have no merit and should be dismissed, and he should be released immediately. Therefore, because federal action would unduly interfere with the state criminal proceeding in a way *Younger* disapproves, the Court must abstain from entertaining the complaint.

Additionally, if plaintiff has been convicted, since the filing of his complaint, then his claims that he was improperly arrested, charged with crimes with "no merit," and detained at the RJC on those charges, are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). A civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

REPORT AND RECOMMENDATION - 2

In sum the Court is prohibited from granting the relief plaintiff seeks in his civil rights complaint because it would interfere with his pending state criminal prosecution in a way prohibited by the *Younger v. Harris* abstention doctrine. If plaintiff has been convicted of the charges for which he was arrested and detained, the Court is barred from granting relief under *Heck v. Humphrey,* because plaintiff's claims would directly challenge the validity of his conviction and sentence .Although plaintiff is a pro se prisoner and should be given liberal leave to amend, the doctrines set forth in *Younger* and *Heck* impose barriers that cannot be overcome by further amendment. Thus, as further amendment would be futile, the Court recommends dismissing the complaint without prejudice.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Plaintiff should therefore not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **DECEMBER 30, 2020.** The Clerk should note the matter for **JANUARY 8, 2021**, as ready for the District Judge's consideration. Objections shall not exceed 8 pages. The failure to timely object may affect the right to appeal.

DATED this 15th day of December 2020.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3